UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| LENTHELL VALINCE ROSEMOND, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:18-cv-00455-JPH-DLP |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**Order Denying Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241
and Directing Entry of Final Judgment**

Petitioner Lenthell Valince Rosemond, a federal inmate currently housed at the U.S. Penitentiary-Terre Haute, located in Terre Haute, Indiana, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He argues that he is entitled to resentencing in two federal criminal proceedings because his two prior Texas state court convictions for robbery do not support his classification as a career offender under Sentencing Guidelines § 4B1.1. For the reasons explained below, his petition is **denied**.

### I. Section 2241 Standard

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Shepherd v. Krueger*, 911 F.3d 861, 862 (7th Cir. 2018); *Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015) (en banc). Under very limited circumstances, however, a prisoner may employ section 2241 to challenge his federal conviction or sentence. *Webster*, 784 F.3d at 1124. This is because "[§] 2241 authorizes federal courts to issue writs of habeas corpus, but § 2255(e) makes § 2241 unavailable to a federal prisoner unless it 'appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the] detention.'" *Roundtree v. Krueger*, 910 F.3d 312, 313 (7th Cir. 2018).

1

Section 2255(e) is known as the "savings clause." The Seventh Circuit has held that § 2255 is "'inadequate or ineffective' when it cannot be used to address novel developments in either statutory or constitutional law, whether those developments concern the conviction or the sentence." *Roundtree*, 910 F.3d at 313 (*citing e.g., In re Davenport*, 147 F.3d 605 (7th Cir. 1998); *Brown v. Caraway*, 719 F.3d 583 (7th Cir. 2013); *Webster*, 784 F.3d at 1123). Whether § 2255 is inadequate or ineffective "focus[es] on procedures rather than outcomes." *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002).

The Seventh Circuit construed the savings clause in *In re Davenport*, holding:

> A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense.

*In re Davenport*, 147 F.3d at 611. "[S]omething more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied." *Webster*, 784 F.3d at 1136.[1]

Specifically, to fit within the savings clause following *Davenport*, a petitioner must meet three conditions: "(1) the petitioner must rely on a case of statutory interpretation (because invoking such a case cannot secure authorization for a second § 2255 motion); (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant." *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017); *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013).[2]

---

[1] In *Webster*, the Seventh Circuit held that the savings clause would permit consideration of "new evidence that would demonstrate categorical ineligibility for the death penalty." *Webster*, 784 F.3d at 1125.

[2] The respondent seeks to preserve the argument that statutory claims are not cognizable under § 2241 and § 2255(e), but acknowledges that *Davenport* currently forecloses this contention. *See Roundtree*, 910 F.3d at 313 (acknowledging circuit split regarding *Davenport* conditions).

## II. Factual and Procedural Background

In August 1991, Mr. Rosemond pleaded guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113(a), and one count of carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). *United States v. Rosemond*, No. 3:08-cv-00971-D (N.D. Tex.) (hereinafter "1990 Habeas Dkt"), dkt. 7 at 1. Mr. Rosemond asserts, and the respondent does not dispute, that he received a sentence of 300 months' imprisonment after the court of conviction determined that Mr. Rosemond was a career offender under Sentencing Guidelines § 4B1.1 based on two prior Texas state convictions for bank robbery. *See* dkt. 1 at 4; *see also* dkt. 16 at ¶ 41.

While in federal custody, Mr. Rosemond was transferred to Dallas County for resolution of pending charges. Dkt. 16 at ¶3. During that time, he conspired with others to commit another bank robbery. Consequently, on August 8, 1995, Mr. Rosemond was charged in a four-count indictment with one count of conspiracy to commit bank robbery in violation of 18 U.S.C. § 371 and 18 U.S.C. § 2113A(f); one count of aiding and abetting entering into a bank to commit robbery in violation of 18 U.S.C. § 2113(a) and 18 U.S.C. § 2; one count of aiding and abetting armed bank robbery in violation of 18 U.S.C. § 2113(a) and 18 U.S.C. § 2; and one count of aiding and abetting possession of a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2. *United States v. Rosemond*, No. 3:95-cr-00246-D-1 (N.D. Tex.) (hereinafter "1995 Crim. Dkt."), dkt. 8; *see also* dkt. 16 at ¶ 1.

A jury convicted Mr. Rosemond of all four counts on December 21, 1995. 1995 Crim. Dkt. 92. After concluding that Mr. Rosemond was a career offender under Sentencing Guidelines § 4B1.1, the court of conviction imposed an aggregate sentence of 387 months' imprisonment. 1995 Crim. Dkt. 106.

Mr. Rosemond's conviction and sentence were affirmed on appeal, *see United States v. Rosemond*, 108 F.3d 332 (5th Cir. 1996), and the Supreme Court denied his petition for a writ of certiorari, *see United States v. Rosemond*, 118 S. Ct. 95 (1997).

In 2008, Mr. Rosemond filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 in both of his federal criminal cases.[3] *See* 1990 Habeas Dkt. 1 (related to his 1990 conviction); *and Rosemond v. United States*, No. 3:08-cv-01048-P, dkt. 1 (hereinafter "1995 Habeas Dkt.") (related to 1995 conviction). He was denied relief in both cases. 1990 Habeas Dkt. 10; 1995 Habeas Dkt. 6.

Since his first motions, Mr. Rosemond has repeatedly sought relief under § 2255 to no avail. *See Rosemond v. United States*, No. 3:13-cv-04806-D-BH (N.D. Tex.); *In re: Lenthell Rosemond*, No. 13-11309 (5th Cir. 2013); *In re: Lenthell Rosemond*, No. 14-10717 (5th Cir. 2014); *In re: Lenthell Valince Rosemond*, No. 16-10198 (5th Cir. 2016); *In re: Lenthell Valince Rosemond*, No. 18-1088 (5th Cir. 2018).

On October 9, 2018, Mr. Rosemond filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241.

### III. Discussion

Mr. Rosemond argues that he is entitled to relief because his two prior Texas state convictions for bank robbery cannot support his classification as a career offender under Sentencing Guidelines § 4B1.1. In support of his argument, he relies on *United States v. Burris*, 896 F.3d 320 (5th Cir. 2018), a case in which a three-judge panel of the United States Court of

---

[3] Mr. Rosemond filed a motion to vacate, set aside, or correct sentence challenging his first federal criminal conviction in 1994, but that motion was denied. 1990 Habeas Dkt. 7 at 1.

4

Appeals for the Fifth Circuit held that a conviction for robbery under Texas Penal Code § 29.02 does not qualify as a violent felony under the Armed Career Criminal Act.

In response, the respondent asserts that Mr. Rosemond's argument does not satisfy the savings clause based on the third *Davenport* factor—Mr. Rosemond cannot establish that his sentence enhancement constitutes a miscarriage of justice. Specifically, the respondent contends that a Texas state conviction for robbery qualifies as an enumerated crime of violence under Sentencing Guidelines § 4B1.2.

Although it is not clear from the record, Mr. Rosemond alleges that his prior Texas state convictions for robbery were for violations of Texas Penal Code 29.02. Dkt. 1 at 6. The Fifth Circuit has held that a conviction under Texas Penal Code 29.02 qualifies as an enumerated crime of violence under Sentencing Guidelines § 4B1.2. *See, e.g.*, *United States v. Deal*, 693 F. App'x 341, 341-42 (5th Cir. 2017); *United States v. Santiesteban-Hernandez*, 469 F.3d 376, 380-82 (5th Cir. 2006), *overruled on other grounds by United States v. Rodriguez*, 711 F.3d 541 (5th Cir. 2013).

Mr. Rosemond's reliance on *Burris* is unavailing because that opinion was withdrawn, *see United States v. Burris*, 908 F.3d 152 (5th Cir. 2018), and the Fifth Circuit issued a superseding opinion concluding that robbery under Texas Penal Code § 29.02 qualifies as a crime of violence for purposes of the Armed Career Criminal Act, *see United States v. Burris*, 920 F.3d 942 (5th Cir. 2019).

Consequently, Mr. Rosemond's two prior Texas state convictions qualify as crimes of violence for purposes of the career offender enhancement in Sentencing Guidelines § 4B1.1. Because the sentencing enhancement still applies to Mr. Rosemond, he cannot establish the

required showing of a miscarriage of justice that would allow him to satisfy the savings clause of § 2255(e) and proceed with this § 2241 petition.

## IV. Conclusion

Mr. Rosemond has failed to satisfy the savings clause of § 2255(e). Therefore, he cannot seek relief under § 2241. His petitioner for a writ of habeas corpus is **denied**. The dismissal of this action is with prejudice. *Prevatte v. Merlak*, 865 F.3d 894, 900 (7th Cir. 2017) ("[P]etition should be dismissed with prejudice under 28 U.S.C. § 2255(e).").

Judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 4/24/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

LENTHELL VALINCE ROSEMOND
21320-077
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov